# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 572 | **DATE** | 4/24/2003 |
| **CASE TITLE** | MICHAEL E. DAVIS vs. CHARLES NOVY and LUIS ESCOBAR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [10-1] is granted as to Count IV and denied as to Counts I through III and V. Defendants shall answer Counts I through III and V by May 7, 2003. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 25 2003 | 13 |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/24/2003 date mailed notice | |
| CB courtroom deputy's initials | | 03 APR 24 PM 5:11 | PW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL E. DAVIS, )
)
Plaintiff, ) No. 03 C 572
)
v. ) Suzanne B. Conlon, Judge
)
CHARLES NOVY and LUIS ESCOBAR, )
)
Defendants. )

## MEMORANDUM ORDER AND OPINION

Michael E. Davis ("Davis") sues Charles Novy ("Novy") and Luis Escobar ("Escobar") (collectively, "defendants"), individually and in their capacity as Bolingbrook police officers, for unlawful search and seizure in violation of his Fourth (Counts I through III) and Fourteenth Amendment (Count IV) rights pursuant to 42 U.S.C. § 1983. Davis requests punitive damages (Count V). Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of Davis. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Davis lives in Bolingbrook. Due to a back injury, Davis is unable to walk for any appreciable distance. As a result, he either uses a wheelchair or his vehicle.

On February 9, 2002, Davis drove through his neighborhood photographing snow piles and vehicles blocking access to sidewalks. According to Davis, he intended to present the photographs

1

to Bolingbrook's public works department. During his drive, Davis noticed a Bolingbrook police car following him. Novy, who was driving the police car, pulled Davis over.

When Novy approached Davis' vehicle, Davis asked the police officer if he had committed a traffic offense. Novy responded, "No." According to Davis, Novy pulled him over in response to an anonymous tip called into Bolingbrook's emergency telephone system center. During the stop, Novy told Davis that a woman reported that he was photographing children. When Novy asked him what he was doing, Davis explained the purpose of his photographs. Davis produced a valid Indiana driver's license at Novy's request.

During their conversation, Escobar arrived in a second squad car. Escobar told Davis that their exchange was videotaped. Davis gave Escobar the film from his camera. Novy asked Davis if he could search his car, stating that if he refused, he would be taken to jail and his vehicle impounded. According to Davis, he agreed to the search because he felt he had no other choice "[g]iven [his] disability and his reliance on his vehicle in traveling any appreciable distance and in light of the police show of force and threat to incarcerate him if he did not agree." Complaint at ¶ 11. After searching Davis' car, Novy arrested Davis for not having a valid Illinois driver's license.

Davis was placed in Novy's squad car. Escobar then handed Davis a signature card authorizing a search of his house. When Davis asked what would happen if he refused to consent to the search, Novy told him that they would take him to jail and impound his car. Davis signed the consent form, alleging he felt he had no other choice. Defendants took Davis home and searched his house. After the search, defendants issued three vehicle citations. Davis later learned his film was lost and no videotape had been made.

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson*, 355 U.S. at 45-46.

### II. Qualified Immunity

Defendants claim dismissal is appropriate because they are entitled to qualified immunity. Once an officer raises qualified immunity as a defense, the court must determine whether: (1) the alleged conduct establishes a constitutional violation; and (2) the constitutional standards were clearly established at the time of the violation. *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 472 (7th Cir. 1997). Although the issue of qualified immunity must be resolved at the earliest stages of litigation, "dismissal of a § 1983 suit under Rule 12(b)(6) is a delicate matter that district courts should approach carefully." *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000), citing *Harlow v. Fitzgerald*, 457 U.S. 818-19 (1982).

#### A. Constitutional Violation

Defendants argue that the complaint fails to establish a constitutional violation. In order to state a claim under § 1983, Davis must allege that defendants: (1) deprived him of a right secured by the Constitution or laws of the United States; and (2) acted under color of state law. *Brokaw v.*

3

*Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). Defendants do not dispute that Davis sufficiently alleges they were acting under color of state law. Rather, defendants argue that Davis fails to allege they deprived him of his constitutional rights.

**1.      Fourteenth Amendment (Count IV)**

Davis alleges constitutional deprivations under the Fourth and Fourteenth Amendments. In Count IV, Davis claims defendants violated his Fourteenth Amendment rights by failing to investigate an anonymous tip before stopping and arresting him, and by failing to preserve his film and the police videotape of the scene. As defendants point out, Davis cannot state a due process claim under the Fourteenth Amendment because all claims for unreasonable search and seizure must be analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Moreover, Davis fails to cite any legal authority to demonstrate that his voluntary production of film or defendants' inability to produce a videotape states a valid constitutional claim. Intentional deprivations of property by state actors do not violate due process when there exists adequate post-deprivation remedies such as a state action for conversion. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Count IV must be dismissed.

**2.      Fourth Amendment (Counts I, II and III)**

In Counts I, II and III, Davis claims defendants violated his Fourth Amendment rights by unreasonably seizing him during a traffic stop, arresting him without probable cause and searching his property without his consent. Davis' allegations are sufficient to withstand a motion to dismiss.

**a.      Traffic Stop**

"Temporary detention of individuals during the stop of an automobile by police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning

4

of the Fourth Amendment." *Whren v. United States*, 517 U.S. 806, 809-10 (1996). However, an officer may conduct a brief investigatory stop without violating the Fourth Amendment when he has a reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1 (1968). Defendants claim Novy reasonably suspected that Davis was violating the Illinois stalking statute based on an anonymous tip.

Reasonable suspicion is "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). This analysis "involves a consideration of the totality of circumstances known to the officer at the time of the stop." *United States v. Swift*, 220 F.3d 502, 506 (7th Cir. 2000), *quoting United States v. Quinn*, 83 F.3d 917, 921 (7th Cir. 1996). Other than an anonymous tip, the complaint does not suggest a basis for Novy's knowledge at the time of the stop. *See United States v. J.L.*, 529 U.S. 266, 270 (2000), *quoting Alabama v. White*, 496 U.S. 325, 327 (1990)(corroborated anonymous tip may exhibit "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop"). Indeed, the amount of information given by an anonymous source, reliability of the information and police corroboration are all relevant in determining whether Novy had reasonable suspicion based merely upon an anonymous tip. *United States v. Price*, 184 F.3d 637, 640 (7th Cir. 1999). Drawing all reasonable inferences in Davis' favor, the complaint states a claim under § 1983 based on the investigative stop.

**b.     Arrest**

Contrary to defendants' position, the complaint states a claim under § 1983 based on the arrest. As defendants recognize, Davis' arrest claim hinges on the validity of the investigative stop. Motion at 7. A full custodial arrest must be supported by probable cause, which is a higher standard

5

than the reasonable suspicion necessary to support an investigative stop. *Smith v. Ball State University*, 295 F.3d 763, 768 (7th Cir. 2002). Without a valid investigative stop, defendants would not have had probable cause for Davis' arrest. *See, e.g., Jones v. Webb*, 45 F.3d 178, 183 n. 3 (7th Cir. 1995). Davis adequately alleges a claim based on his arrest.

c.   **Searches**

Finally, defendants claim Davis cannot base his § 1983 claim on the property searches conducted with his consent. However, Davis alleges he consented to the searches under duress. Specifically, Davis contends he only consented because defendants threatened to take him to jail and impound his car. According to defendants, the § 1983 claim fails as a matter of law because Davis' consent was not rendered involuntary by defendants' explanation of the consequences of his actions.

"[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). "Relevant considerations include: the age, education and intelligence of the individual providing consent; whether he was advised of his rights; how long he was detained prior to giving consent; whether he immediately consented, or whether the police officers made repeated requests for consent; the existence or absence of physical coercion; and whether the individual was in custody." *Valance v. Wisel*, 110 F.3d 1269, 1278 (7th Cir. 1997). Moreover, defendants' explanation as to the consequences of Davis' refusal must have been "genuine . . . and not merely a pretext to induce submission." *United States v. Scheets*, 188 F.3d 829, 840 (7th Cir. 1999), *quoting United States v. White*, 979 F.2d 539, 542 (7th Cir. 1992). These determinations cannot be made based on the bare allegations of the complaint. Drawing all inferences in his favor, Davis states a claim under § 1983 for the searches

of his car and home. Based solely on the allegations of the complaint, the alleged conduct establishes a constitutional violation sufficient to withstand defendants' qualified immunity defense.

**B.     Clearly Established Right**

Nor have defendants established the second element of the qualified immunity inquiry. A clearly established right is one where "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A right to be free from unreasonable search and seizure under the circumstances alleged here was clearly established at the time of defendants' alleged violations. *See United States v. J.L.*, 529 U.S. at 268, 274 (anonymous tip that a young black male at a particular bus stop wearing particular clothing possessed a fireman lacked sufficient indicia of reliability to establish reasonable suspicion); *United States v. Talkington*, 843 F.2d 1041, 1049 (7th Cir. 1988)(baseless threats to obtain a search warrant may render consent involuntary). Therefore, the motion to dismiss the Fourth Amendment claims must be denied.

**3.     Punitive Damages (Count V)**

Defendants do not explicitly move to dismiss Davis' separate claim for punitive damages. Rather, their motion to dismiss Count V is implicit in their motion to dismiss the Fourth and Fourteenth Amendment claims. Accordingly, Count V survives based on the denial of the motion to dismiss the Fourteenth Amendment claims.

## CONCLUSION

Defendant's motion to dismiss is granted as to Davis' Fourteenth Amendment claims and denied as to his Fourth Amendment claims.

April 24, 2003

ENTER:

Suzanne B. Conlon
United States District Judge