# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 572 | **DATE** | 10/14/2003 |
| **CASE TITLE** | DAVIS vs. NOVY, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendants' motion for summary judgment [30-1] is denied. The joint final pretrial order and agreed pattern jury instructions shall be presented on October 29, 2003 at 9:00 a.m. Plaintiff's draft shall be submitted to defendants by October 22, 2003. Trial is set on November 17, 2003 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | OCT 15 2003 | | 41 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 10/14/2003 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| CB | courtroom deputy's initials | 03 OCT 14 PM 5:06 | PW | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL E. DAVIS,                          )
                                            )
                    Plaintiff,              )        No. 03 C 572
                                            )
        v.                                  )        Suzanne B. Conlon, Judge
                                            )
CHARLES NOVY and LUIS ESCOBAR,             )
                                            )
                    Defendants.             )

## MEMORANDUM ORDER AND OPINION

Michael E. Davis ("Davis") sues Charles Novy ("Novy") and Luis Escobar ("Escobar")

(collectively, "defendants"), individually and in their capacity as Bolingbrook police officers, for

unlawful search and seizure in violation of his Fourth (Counts I through III) and Fourteenth

Amendment (Count IV) rights pursuant to 42 U.S.C. § 1983. Davis requests punitive damages

(Count V). The court previously dismissed Count IV. *Davis v. Novy*, 2003 WL 1964200 (N.D. Ill.

April 25, 2003). Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

### I.     Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to

summary judgment motions. Local Rule 56.1 requires both the moving and non-moving parties to

submit a statement of material facts, including, "specific references to the affidavits, parts of the

record, and other supporting materials relied upon." Local Rule 56.1(a)(3); Local Rule

56.1(b)(3)(B). Evidence submitted at summary judgment must be admissible at trial under the

Federal Rules of Evidence. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir.2000). All facts not properly supported by the record evidence must be disregarded. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir.1997).

Both parties fail to support factual statements with admissible evidence. *See Wiskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir.1994)(only admissible evidence may be considered on summary judgment). For example, defendants rely on Novy's testimony to support ¶¶ 4 and 5 of their statement of facts without establishing he has personal knowledge of the subject matter. Davis' responses to these paragraphs are similarly flawed as they are based on evidence lacking the requisite foundation. Accordingly, the parties' factual statements will be considered only to the extent they are properly supported by admissible evidence.

## II.    Facts

The following facts are undisputed unless otherwise noted. On February 9, 2002, Novy received a report on his mobile data terminal stating that a white male wearing a hat and driving a black Ford pick-up truck with a canopy, or cover over the bed of the truck, was taking pictures of children. According to the report, the white male was last seen heading towards Lindsey. Shortly thereafter, Novy spotted a dark green Ford pick-up truck with a canopy approximately one block from Lindsey. Davis was driving the truck. Novy pulled up closely behind Davis' vehicle. According to Novy, he noticed the sticker on Davis' license plate was partially obscured. Novy pulled Davis over approximately one block later.

Davis claims he immediately asked Novy if he had committed a traffic offense. According to Davis, Novy told him a woman reported that he was photographing children. Davis explained to Novy that he was photographing snow piles and vehicles blocking access to sidewalks because he

was having difficulty getting through with his wheelchair. Davis offered the film to Novy, who refused to take it. At Novy's request, Davis produced a valid Indiana driver's license. Davis was unable to produce a valid Illinois driver's license or insurance card.

Shortly thereafter, Escobar arrived in a second squad car. Davis gave Escobar the film from his camera. Novy asked Davis if he could search his car, stating that if he refused, he would be taken to jail and his vehicle impounded. According to Davis, he agreed to the search because he felt he had no other choice "[g]iven [his] disability and his reliance on his vehicle in traveling any appreciable distance and in light of the police show of force and threat to incarcerate him if he did not agree." Pl. Dep. at 93, *citing* Complaint at ¶ 11. After searching Davis' car, Novy arrested Davis for not having a valid Illinois driver's license.

Davis was placed in Novy's squad car. Escobar then handed Davis a signature card authorizing a search of his house. According to Davis, Novy told him that they would take him to jail and impound his car if refused to consent to the search. Davis signed the consent form. Defendants took Davis home and searched his house. After the search, defendants issued vehicle citations for driving without a valid Illinois drivers' license, an insurance card and a properly displayed registration. Novy Dep. at Ex. 7-9.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing

3

there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.    Qualified Immunity

Defendants claim summary judgment is appropriate because they are entitled to qualified immunity. Once an officer raises qualified immunity as a defense, the court must determine whether: (1) the alleged conduct establishes a constitutional violation; and (2) the constitutional standards were clearly established at the time of the violation. *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 472 (7th Cir. 1997).

## A.    Constitutional Violation

Defendants argue that Davis cannot establish a constitutional violation. In order to state a claim under § 1983, Davis must establish that defendants: (1) deprived him of a right secured by the Constitution or laws of the United States; and (2) acted under color of state law. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). Defendants do not dispute that they were acting under color of state law. Rather, defendants argue that Davis cannot establish they deprived him of his constitutional rights. According to Davis, defendants violated his Fourth Amendment rights by unreasonably seizing him during the traffic stop, arresting him without probable cause and searching his property without his consent.

## 1.    Traffic Stop

"Temporary detention of individuals during the stop of an automobile by police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning

of the Fourth Amendment." *Whren v. United States*, 517 U.S. 806, 809-10 (1996). However, an officer may conduct a brief investigatory stop without violating the Fourth Amendment when he has a reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1 (1968). Reasonable suspicion is "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). This analysis "involves a consideration of the totality of circumstances known to the officer at the time of the stop." *United States v. Swift*, 220 F.3d 502, 506 (7th Cir. 2000), *quoting United States v. Quinn*, 83 F.3d 917, 921 (7th Cir. 1996). Indeed, determinations of probable cause and by analogy, reasonable suspicion, generally are mixed questions of law and fact. *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). *See also Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999)("existence of probable cause is often a jury question" and summary judgment is appropriate "only where there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them").

Defendants claim Novy had probable cause to stop Davis because his license plate sticker was partially obscured. *See United States v. Murray*, 89 F.3d 459, 461 (7th Cir. 1996)("Ulterior motives do not invalidate a police stop for a traffic violation, no matter how minor, if a motor vehicle law infraction is detected"). In response, Davis offers evidence that could lead a reasonable jury to conclude that Davis did not notice the problem with his registration sticker until after the stop. Specifically, Davis offers evidence that defendants' story has changed. *See, e.g., Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 291 (7th Cir. 1999)(jury can reasonably infer fundamental change in story is after-the-fact justification).

At the time of the stop, Davis claims Novy denied that he pulled him over for a traffic violation, but rather told him that the stop was based on an anonymous tip. Indeed, defendants

claimed in their motion to dismiss that the stop was proper because Novy reasonably suspected that Davis was violating the Illinois stalking statute based on an anonymous tip. Defendants' motion to dismiss did not mention the partially obscured license plate sticker. Nor do several police documents relating to the incident refer to the sticker problem. *See* Novy Dep. at Ex. 2-3. Although defendants point out that the police incident report lists the partially obscured license plate sticker as an offense, it is listed as the last of four offenses; the first offense listed is "suspicious auto." *Id.* at Ex. 6. More importantly, the narrative section of the police incident report states that Novy "located a vehicle matching that description and conducted a traffic stop." *Id.* The narrative does not refer to Davis' partially obscured license plate sticker. Based on this record, Davis raises a genuine issue of material fact as to whether Novy stopped him based on the partially obscured license plate sticker.

Apparently recognizing this problem, defendants return to their original argument in their reply brief, claiming that the stop was valid based solely on the anonymous tip. Arguments not raised for the first time until reply are waived. *Native American Arts, Inc. v. Earth Dweller, Ltd.*, No. 01 C 2370, 2001 WL 910394, at *5 (N.D. Ill. Aug. 10, 2001). Even if the court considers defendants' belated argument, summary judgment is inappropriate.

A corroborated anonymous tip may exhibit "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *United States v. J.L.*, 529 U.S. 266, 270 (2000), *quoting Alabama v. White*, 496 U.S. 325, 327 (1990). The amount of information given by an anonymous source, reliability of the information and amount of police corroboration are all relevant in determining whether an anonymous tip provides an officer with reasonable suspicion. *United States v. Price*, 184 F.3d 637, 640 (7th Cir. 1999). Davis drove a dark green, not a black, truck and was not wearing a hat at the time Novy pulled him over. Prior to the stop, Novy knew

6

Escobar had not independently corroborated the anonymous tip. Novy Dep. at 249. Moreover, Novy did not observe Davis taking pictures or otherwise doing anything suspicious. Drawing all reasonable inferences in Davis' favor, a reasonable jury could conclude that Novy did not have reasonable suspicion to stop Davis based on what he knew prior to the stop.

Defendants' reliance on *United States v. Raibley*, 243 F.3d 1069 (7th Cir. 2001), does not change this result. In *Raibley*, the officer personally interviewed the store manager, who observed the defendant covertly videotaping a young female employee from his truck. *Id.* at 1071. The officer left the store to look for the defendant. When he was unable to locate him, he returned to the store and discovered the defendant's unoccupied truck in the parking lot. The officer parked his car in plain view in front of the store and went inside. While inside, he observed the defendant driving his truck out of the parking lot at 30 to 40 miles per hour. *Id.* The Seventh Circuit concluded that "[u]nprovoked flight from a police officer is suggestive of wrongdoing and coupled with the other facts we have noted supplied grounds on which to stop [defendant] for questioning." *Id.* at 1075. Here, defendants were unable to independently verify the anonymous tip through witnesses. Nor did Novy observe Davis acting suspicious even after he began following him closely. Based on this record, a reasonable jury could conclude defendants' alleged conduct establishes a constitutional violation.

## 2.     Arrest, Searches and Punitive Damages

Although defendants' motion acknowledges Davis' arrest and punitive damages claims, defendants fail to address either claim in their opening brief. The court need not consider perfunctory and undeveloped arguments unsupported by authority. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991).

Moreover, defendants fail to discuss whether Davis' arrest and their subsequent searches are tainted if the stop is found to be invalid. *Brown v. Illinois*, 422 U.S. 590, 603-04 (1975)(causal chain must be sufficiently attenuated to dissipate the taint of prior illegal conduct). Rather, defendants waited until reply to argue, without any supporting authority, that "the proximate cause of that stop leads to conduct where the officers enjoy qualified immunity." *See* Def. Reply at 13-14. Without any analysis under relevant legal authority, the court cannot reach the merits of defendants' untimely argument. *Berkowitz*, 927 F.2d at 1384; *Native American Arts, Inc.*, 2901 WL 910394, at *5. Accordingly, defendants fail to show that Davis' constitutional claims are insufficient as a matter of law.

## B.     Clearly Established Right

Nor have defendants established the second element of the qualified immunity inquiry. A clearly established right is one where "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A right to be free from unreasonable search and seizure under the circumstances alleged here was clearly established at the time of defendants' alleged violations. *See United States v. J.L.*, 529 U.S. at 268, 274 (anonymous tip that a young black male at a particular bus stop wearing particular clothing possessed a fireman lacked sufficient indicia of reliability to establish reasonable suspicion); *Brown v. Illinois*, 422 U.S. at 603-04 (illegal stop may taint subsequent arrest and/or consensual search). Defendants do not claim otherwise. *See* Def. Brief at 17-19 and Reply at 12-14 (addressing only the merits of Davis' search claims). Therefore, defendants' summary judgment motion must be denied.

8

# CONCLUSION

Genuine issue of material facts preclude summary judgment. This case must proceed to trial.

October 14, 2003

ENTER:

Suzanne B. Conlon
United States District Judge

9